IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY WATSON,<br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 09 C 4715<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Barry Watson filed a complaint against the Commissioner of Social Security, Michael J. Astrue, asking this Court to review the Commissioner's decision denying his application for Supplemental Security Income disability benefits. Watson filed a motion to proceed *in forma pauperis*. Watson's application and financial affidavit are bare bones to say the least. Watson states that the last job he held was in 1998, for which he made $5/hour. In response to every other question, Watson merely checks "no," and offers no other explanation.

The federal *in forma pauperis* statute enables indigent litigants to have meaningful access to federal court, allowing them to proceed without prepaying filing fees and other court costs. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must determine whether the litigant lacks the funds to pay for the costs of the litigation and still be able to afford the basic necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85 (1948).

There is, however, no perfect formula to determine whether a litigant meets this standard, and the Court must exercise its discretion when assessing an IFP motion. Although a court generally relies

1

primarily on the representations of the affiant, often without the benefit of supporting documentation such as bills, credit card statements, or cancelled checks, the affiant's statement must provide insight into his finances. Without sufficient and detailed information, the Court is unable to reasonably ascertain whether IFP status is warranted.

Here, Watson has provided such vague and sparse affidavit that the Court cannot determine whether he lacks the funds to pay the Court's filing fee and still afford the basic necessities of life. According to Watson's affidavit, he has absolutely no assets and absolutely no source of income, and has had no source of income for over 12 years. This is, to be frank, patently unbelievable. Watson does not aver that he is homeless, and so he must either own property, rent, or live someplace at the expense of someone else. Watson further must have a source of food — whether it is food he purchases for himself or food that someone else provides for him. Simply checking the box marked "no" in response to every single question does not provide the Court any opportunity to assess how a litigant affords and acquires the basic necessities of life and therefore is insufficient to allow the Court to determine whether IFP status is warranted. Consequently, the Court finds that Watson's IFP application is incomplete and DENIES his request to proceed *in forma pauperis*. Watson must pay the filing fee within 21 days from the date of this order or the Court will dismiss his claim for want of prosecution.

IT IS SO ORDERED.

4/15/10
Dated

Hon. William J. Hibbler
United States District Court

2